## MATTER OF TILTON.

*Supreme Court, First District ; At Chambers, January,* 1865.

ATTACHMENT AGAINST SHIPS AND VESSELS.—SHERIFF.

In proceedings by the attachment of vessels under the act of 1862, the filing of a specification of the debt previous to applying for the writ, is necessary only where the vessel has left port.

The omission to specify the names of the owners of the vessel in the application is not a fatal defect.

Clerical defects in the application may be amended upon its presentation.

If the undertaking offered do not conform to the statute, it may be amended under the power given by 2 Rev. Stat., 556 ; and when amended will be valid from the time of its execution.

A sheriff cannot execute a writ or warrant of attachment out of his own county. Where he did so under a mistake as to the boundary of his county, the property attached was ordered to be released.

Motion to discharge an attachment.

The plaintiff, Leonard Tilton, having procured an attachment against the " Elevator Corn Exchange," lying in the East River, under chapter 482 of the Laws of 1862, the defendants moved to set aside the attachment for various alleged irregularities in the proceedings ; among others, that it did not appear that any specification of the debt had been filed in the office of the clerk of the city and county of New York, as required by section 3 of the statute ; that the application did not contain the names of the owners of the vessel ; and that the

time when the debt was contracted, required by the 5th section of the act, was not stated, the year having been omitted in the list of items. (This defect was, however, supplied by the judge on issuing the attachment.)

The affidavits on the motion did not show that the vessel had ever left the port of New York.

Objection was also taken to the attachment on the ground of informality in the undertaking.

Two attachments were issued, the one to the sheriff of the county of Kings, who supposing the portion of the East River where the vessel lay to be in that county, had seized the vessel there. The other was issued to the sheriff of the county of New York.

*W. J. Haskett*, for the motion.

*Egan & Gross*, opposed.

CLERKE, J.—The application, upon which the warrant in this matter was granted, contains substantially all that the act of 1862 requires.

It contains the amount and items composing the debt; it states by whom and when it was contracted, and in the verification states that the amount is justly due over and above all payments and deductions or discounts.

It states, indeed, that the debt was contracted by the owners of the vessel without specifying their names. It is, certainly, better to specify the names, if they are known to the applicant; but I do not think the omission a fatal defect. The specification of items accompanying the application, when first presented, omitted the year. This was a mere clerical inadvertence, which could in no respect have misled any one; and it was afterwards amended by the judge who granted the warrant.

The counsel for the owners of the vessel contends, that a specification of items should have been filed prior to the application; but it is evident, on referring to section 2 in connection with section 5, that the prior filing of a specification is only required whenever the vessel has left the port at which the debt was contracted. The act in no other case requires such filing;

and, therefore, in the application it would be entirely out of place to refer to it, unless the vessel had left the port.

It would be just as improper to file a specification prior to the application, and to state such filing in the application when the vessel had not left the port, as to refer to an assignment or transfer of the debt when such had not taken place since the debt was contracted. As to the fact of the departure, I think there is no sufficient evidence of it even now before me.

The undertaking presented at the time of the application was, in one particular, defective.

It does not make the obligors liable if the applicant should not prosecute within three months any bond which may be given upon the discharge of the warrant, as provided for by section 12 of the act; but the power of amendment in such cases is very fully and specifically given by statute. (2 *Rev. Stat.*, 556; same stat., 3 *Rev. Stat.*, 5 ed., §§ 35, 36.)

The obligors, as the latter section provides, have made application to amend the bond, and have submitted one for approval. The bond, when properly amended, shall, in the words of the statute, "be deemed valid from the time of the execution thereof."

Two warrants have been issued in this matter,—one to the sheriff of Kings county, the other to the sheriff of the county of New York, in order to have the vessel seized in whichever county she may be, there being some doubt of her precise position in this respect. It appears now that she has been the whole time within the limits of the county of New York, but the sheriff of Kings county has seized her under the belief that she was within his baliwick. The authority of a sheriff is confined to his own county. It has been held, indeed, that he may perform certain ministerial acts out of his county, as to make a panel or return a writ, but he cannot execute a writ or warrant out of it. The mistake of the sheriff of Kings in this matter was made in consequence of the impression that, as the vessel lay near to the shore of Kings county, she was within its legal limits. Of course such a mistake would make him liable only for nominal damages at most; but if she is within the limits of the county of New York, as seems to be conceded, she can only be seized by the sheriff of that county, and the sheriff of Kings cannot retain her under any pretext.

The order is, that the vessel shall be released from the custody of the sheriff of Kings county; but the motion, as far as it demands that the warrant issued to the sheriff of the county of New York, and the proceedings under it should be set aside, is denied without costs.

In the amended bond reference is made to the 11th instead of the 12th section. This must be corrected. Indeed, if the necessary number of months is mentioned, there is no need of a reference to any particular section.

The amended bond, when corrected, must be again submitted to me.